IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| QUINCY BERNARD JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:21-CV-351 (MTT) ) |
| FEATHERSTONE HOMEOWNERS ASSOCIATION, | ) ) ) |
| Defendant. | ) ) |

### ORDER

The Court granted pro se Plaintiff Quincy Bernard Jones leave to proceed *in forma pauperis* and allowed his Fair Housing Act failure-to-accommodate claim to proceed following frivolity review. Doc. 3. At the request of Defendant Featherstone Homeowners Association, Jones's September 9, 2022, deposition was held at the courthouse. Jones now contends that deposition should be struck because it violated his constitutional rights. Doc. 30.

Jones first takes issue with the fact that he was not provided a legal expert "to interpret certain legal questions because plaintiff is not a skilled attorney and a deposition was new to him." *Id.* at 3. In other words, Jones wants a lawyer and contends the Court's failure to provide him one violates his "constitutional right to expert assistance for indigents in civil cases in order to have a fair opportunity to be heard." *Id.* Jones knows this is not true because he previously moved for appointment of counsel in this case. Doc. 22. The Court denied Jones's request and advised "[a]ppointment of counsel in a civil case is not a constitutional right," but rather "a privilege that is justified only by exceptional circumstances." Doc. 25 (quoting *Wahl v. McIver*, 773 F.2d 1169,

1174 (11th Cir. 1985)).  In short, Jones has no constitutional right to counsel in a civil case, and the Court's decision not to appoint one here is not a basis to set aside Jones's deposition.

Jones next contends his deposition should be struck because he was coerced by the Court into continuing with his deposition when "his anxiety was through the roof" and "he wasn't mentally there."  Doc. 30 at 2.  At the request of the parties, the Court held an informal hearing midway through Jones's deposition, in which Jones contends "the only option plaintiff was given was to continue the deposition or risk having the case thrown out."  *Id.*  According to Jones, he had no choice but to "involuntarily" proceed with his scheduled deposition.  *Id.* at 3.

Jones's version of events is false.  Contrary to Jones's allegations, the Court merely advised Jones that any party is entitled to take the opposing party's deposition, and that failure to participate may result in sanctions.  Jones then voluntarily proceeded with his deposition.  Later, the Court checked on the progress of the deposition and Jones raised no objections and voiced no concerns or discomfort.  Finally, the Court notes Jones has the right to review the transcript and note appropriate changes.  *See* Fed. R. Civ. P. 30(e).  The Court construes Jones's concerns raised during the informal hearing midway through his deposition as a timely request for review pursuant to Federal Rule of Civil Procedure 30(e).  Thus, Jones can note any issues or concerns he

may have regarding his testimony.[1]  Accordingly, Jones's motion to strike (Doc. 30) is **DENIED**.[2]

    **SO ORDERED**, this 29th day of September, 2022.

                                              S/ Marc T. Treadwell
                                              MARC T. TREADWELL, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT

---

[1] Rule 30(e) of the Federal Rules of Civil Procedure sets forth the procedures for a deponent to review and make changes to deposition testimony. Pursuant to Rule 30(e):

> (1) On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>     (A) to review the transcript or recording; and
>     (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
>
> (2)...The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Fed. R. Civ. P. 30(e).

[2] Jones also filed a motion to compel the production of three letters, sent by him, to Featherstone. Doc. 29.  In response to Jones's discovery request, Jones claims Featherstone noted these letters were already in the record.  *Id.* at 2 (citing Docs. 1-3; 1-4; 1-5).  Even so, Jones is entitled to examine the originals if they are still in Featherstone's possession.  Featherstone is **DIRECTED** to confer with Jones and schedule a time and place for Jones to examine the three original letters within fourteen days of this order.  Accordingly, Jones's motion to compel (Doc. 29) is **DENIED without prejudice** but subject to renewal if Featherstone fails to supplement as ordered.